IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RICKY DENDY                                                                                  PLAINTIFF

vs.                                         Civil No. 1:10-cv-01018

MICHAEL J. ASTRUE                                                                      DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Ricky Dendy ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed an application for SSI on July 20, 2006. (Tr. 61-63). Plaintiff alleged he was disabled due to back, neck, and right shoulder problems. (Tr. 68). Plaintiff alleged an onset date of October 1, 2005. (Tr. 61). This application was denied initially and again on reconsideration. (Tr. 35-36). Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 19, 46-47). An administrative hearing was held on December 13, 2007

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

in El Dorado, Arkansas. (Tr. 20-34). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") David Elmore testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had obtained his high school diploma and completed some college and vocational school. (Tr. 23).

On June 4, 2008, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 9-17). In this decision, the ALJ determined Plaintiff had not been engaged in Substantial Gainful Activity ("SGA") since July 18, 2006, his application date. (Tr. 11, Finding 1). The ALJ determined Plaintiff had the following severe impairment: Ankylosing Spondylitis.[2] (Tr. 11, Finding 2). The ALJ also determined Plaintiff's impairment did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 12-15, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a). Specifically the claimant can lift, carry, push and pull up to 10 pounds occasionally, less than 10 pounds frequently, stand or walk for 2 hours in an 8 hour workday and sit for 6 hours in an 8 hour workday. However, the

---

[2] "Ankylosing Spondylitis is a systemic disorder characterized by inflammation of the axial skeleton and large peripheral joints, nocturnal back pain, back stiffness, accentuated kyphosis, constitutional symptoms, and anterior uveitis." *The Merck Manual* 290 (18th ed. 2006). Plaintiff testified this impairment manifests itself in his neck and limits his range of motion in his neck. (Tr. 28-30).

2

>claimant's impairment is such that he requires a sit-stand option to alternate between positions at various times during the workday.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 15, Finding 5).  The ALJ determined Plaintiff's PRW included work as a delivery driver and construction worker.  *Id.*  Based upon his RFC, the ALJ determined Plaintiff would be unable to perform this PRW.  *Id.*  The ALJ also found, however, that considering his RFC, age, education, and work experience, Plaintiff would be able to perform other work existing in significant numbers in the national economy.  (Tr. 16, Finding 9).  The ALJ based this finding upon the testimony of the VE.  *Id.*  Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical person would be able to perform the requirements of representative occupations such as bookkeeping or accounting clerk with 3,100 jobs existing in the State of Arkansas and 338,000 jobs existing in the national economy.  *Id.*  Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from July 18, 2006, his application date, through the date of the ALJ's decision or through June 4, 2008.  (Tr. 17, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision.  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision.  (Tr. 1-3).  On March 4, 2010, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on March 18, 2010.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 7-8.  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the following: (1) the ALJ's record was incomplete; (2) the ALJ did not perform a *Polaski* analysis; (3) the ALJ did not address the issue of whether his skills were transferrable; (4) the ALJ did not appreciate the nature and severity of his ankylosing spondylitis; (5) the ALJ provided an improper hypothetical to the VE; and (6) the ALJ improperly determined he retained the ability to work as a bookkeeping and accounting clerk. ECF No. 7 at 3-14. Because this Court finds the ALJ improperly evaluated Plaintiff's subjective complaints, this Court will only address the second issue Plaintiff raised.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis.  Instead of

---

back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ focused upon Plaintiff's medical records in his opinion.[4] (Tr. 9-17). Further, instead of evaluating the *Polaski* factors and noting inconsistencies between the record and Plaintiff's testimony, the ALJ found the following:

> The undersigned notes that there is a general inconsistency between the subjective limiting effects the claimant has alleged his impairment causes and the objective medical findings contained in the record. While the claimant has alleged that his impairment is such that he is unable to work, the evidence of record indicates that he has retained a high degree of functionality despite the subjective limiting effects of this impairment. For example, the claimant has retained the ability to drive and to go grocery shopping. He is able to do laundry and testified that he usually feeds his dad's dogs in the afternoon (Ex. 4E, Hearing Testimony). Similarly, although the claimant has testified that his ability to turn his neck to the left and the right is restricted by his impairment, the undersigned notes that the claimant has retained the ability to drive and performs the requisite turning of the neck that that activity regularly demands.

(Tr. 12-13).

There are three problems with this evaluation. First and foremost, as noted above, in his credibility evaluation, the ALJ did not evaluate the *Polaski* factors, but, instead, focused on Plaintiff's daily activities.[5] Second, the ALJ's evaluation of Plaintiff's daily activities is inaccurate as Plaintiff's limited activities do not demonstrate a "high degree of functionality." Notably, the ALJ found Plaintiff's daily activities were extensive partially because he could feed his father's dogs in the afternoon. (Tr. 12-13). Plaintiff did state that he feeds his father's dogs in the afternoons, but

---

[4] The ALJ also did not even specifically reference the *Polaski* factors which, although not required, is the preferred practice. *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007).

[5] The ALJ also later considered another *Polaski* factor–use of medication–in his opinion. (Tr. 13). The ALJ noted Plaintiff only took Aleve for his pain and noted Plaintiff had "not been prescribed" medication. *Id.* Plaintiff's records indicate, however, that he had been prescribed pain medication for his impairment. *See, e.g.,* Tr. 115. Thus, the ALJ was incorrect in that finding. Additionally, while Plaintiff did testify at the hearing in this matter that he was only taking Aleve for his pain, this fact alone does not entirely detract from the credibility of Plaintiff's subjective complaints regarding his neck limitations.

7

he also *lives* with his father such that feeding the dogs would not be a burdensome task. (Tr. 26). Additionally, the ALJ discounted Plaintiff's subjective complaints because he is able to drive. (Tr. 12-13). The ALJ failed to note, however, that Plaintiff testified that he is only able to drive about twice a week. (Tr. 26). Such an ability to drive certainly does not demonstrate a "high degree of functionality." Further, with these findings, the ALJ indicates that Plaintiff does a variety of household tasks at his father's house where he lives. Plaintiff, however, testified that his father has a maid who performs household tasks, and there is no indication that Plaintiff is performing a wide variety of these household tasks. (Tr. 26-27).

Third and finally, the ALJ found Plaintiff's subjective complaints regarding a limited range of motion in his neck were not credible because he is able to drive. (Tr. 12-13). Specifically, the ALJ found "claimant has retained the ability to drive and performs the requisite turning of the neck that that activity regularly demands." *Id.* Plaintiff, however, testified at the administrative hearing in this matter that he has to use "my mirrors a lot" when he driving and that he does have problems driving. (Tr. 29-30). Further, as noted above, Plaintiff testified that he is only able to drive about twice a week so his driving is not such an extensive activity that the ALJ should be permitted to entirely discount Plaintiff's subjective complaints of limited neck range. This is especially true since Plaintiff's medical records support his claim he has a limited range of motion in his neck. (Tr. 115, 119, 126).

Indeed, apart from limiting Plaintiff to sedentary work, the ALJ's RFC determination did not account for any restrictions Plaintiff may have due to a limited range of motion in his neck. Such a failure to perform a proper *Polaski* analysis, support his credibility determination with "good reasons," and give a basis for entirely discounting a claimant's subjective complaints of neck

limitation is entirely insufficient. Thus, this case must be reversed and remanded.[6]

 4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of February, 2011.**

>  /s/   Barry A. Bryant
>  HON. BARRY A. BRYANT
>  U.S. MAGISTRATE JUDGE

---

[6] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.

9